**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 31 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-16724 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00227-RCJ-LRL-1 |
| v. | |
| ROCIO AURORA RYAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted November 15, 2019
San Francisco, California

Before:  WARDLAW, W. FLETCHER, and LINN,** Circuit Judges.

Rocio Ryan appeals from the denial of a Writ of Error Coram Nobis by the

District of Nevada.  We affirm the denial of the writ because Ms. Ryan has not shown

that she was prejudiced by the alleged ineffective assistance of counsel.

Ms. Ryan bases her assertion of ineffective assistance of counsel on Mr.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Richard Linn, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Brown's alleged failure to inform her of the immigration consequences of a guilty plea and his alleged affirmative misrepresentation that there would be no such consequences. Ms. Ryan argues that she was prejudiced because, had she known, she would have rejected the plea and taken her case to trial. Ms. Ryan also argues that Mr. Brown failed to challenge the manner in which her confession was obtained, and thus failed to secure concessions from the prosecution.

To prevail, Ms. Ryan must show that: (1) Mr. Brown's performance fell below an objective standard of reasonableness; and (2) this deficiency prejudiced her. *See United States v. Kwan*, 407 F.3d 1005, 1014 (9th Cir. 2005) (discussing *Strickland v. Washington*, 466 U.S. 668 (1984)), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356, 370 (2010). Under the standard *Strickland* analysis, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Prior to Mr. Brown's appointment as Ms. Ryan's attorney in July of 2008, Ms. Ryan had already admitted her involvement in the charged conduct to the FBI. As the district court noted, "Ms. Ryan made her confession before she was represented by Mr. Brown, and thus her incriminating statements to authorities were in no way influenced by any advice or misadvice from her attorney." *United States v. Ryan*, No. 2:08-00227, 2018 WL 3866402 at *4 (D. Nev. August 14, 2018) ("*District Court*

2

*Op.*"). Ms. Ryan does not argue that her statements to the FBI were anything but dispositive. Rather, Ms. Ryan asserts that Mr. Brown should have attacked the manner in which the confession was obtained and sought concessions to avoid immigration consequences. The only basis on which she challenges the confession is that the FBI told her she was not the "target" of the investigation and that she wouldn't experience problems with immigration. Ms. Ryan does not challenge the truthfulness of the FBI's statements or offer any legal basis why her confession obtained as a result of such statements should be excluded. Thus, Ms. Ryan's assertion that Mr. Brown should have challenged her confession because it could have resulted in concessions is mere conjecture.

Moreover, we cannot conclude that seeking further concessions would have a reasonable probability of changing the outcome. The immigration consequences she faced were the direct result of her felony conviction. In a statement filed by Mr. Brown and not contested by Ms. Ryan, he averred that the prosecutor refused at the time to agree to a non-felony resolution. Aff. of David T. Brown, Esq., *United States v. Ryan*, No. 2:08-00227, 2018 WL 3866402.

The decision to accept a plea rather than go to trial was itself not prejudicial. Rejecting the plea agreement "would not have been rational for Ms. Ryan." *Ryan*, 2018 WL 3866402 at *4; *cf. Kwan*, 407 F.3d at 1017–18 (finding a reasonable probability that the petitioner could have avoided the immigration consequences).

3

As the district court found, Ms. Ryan's "full and voluntary confession left her with essentially no chance of succeeding at trial." *Ryan*, 2018 WL 3866402 at \*4.

Because Ms. Ryan has failed to show any prejudice arising out of Mr. Brown's representation, she does not meet the showing required to support a Writ of Coram Nobis. *See Kwan*, 407 F.3d at 1014.

**AFFIRMED**